(No. 2701—

CECIL W. YORK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1937.*

BUNGE & BUNGE, for claimant; CRESCY E. WOEHREL, of counsel.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint in this case sets forth that on the 7th day of June, 1935, the Highway Department of the State of Illinois, was making repairs on a State highway known as No. 18, and also known as U. S. Route No. 34, at a point just west of Madison Street, Hinsdale, Illinois; that while making the repairs, the highway was not closed to vehicular traffic.

The complaint further sets forth that on the evening of said June 7th, said Highway Department, by its agents and servants, placed several heavy wooden barricades across the highway to obstruct traffic, but did not properly put lights on the barricades in order to protect persons lawfully using the said highway, and that about 9:20 p. m. in the evening of the said 7th day of June, the claimant with several guest passengers in his car, and while in the exercise of due care and

caution for his own safety, collided with one of said unlighted barricades, greatly damaging his automobile and injuring the claimant, and damaging the clothing of the claimant.

Claimant asks damages in the sum of $212.00. A Bill of Particulars is also filed, itemizing all of the damages, there being $200.10 to the automobile, doctor's bill of $2.00 and $10.00 damage to the suit worn by the claimant.

The claim was filed on July 15, 1935. On October 11th of the same year, the Attorney General made a motion to dismiss on the grounds that claimant seeks to recover for damages resulting from a collision on account of the negligence of the agent of the Highway Department in not keeping and maintaining a light on a barrier across a highway. To this motion to strike, the claimant's attorneys moves the court to strike the motion to dismiss filed by the Attorney General from the records on the grounds that the Attorney General's motion was not filed in accordance with the rules of this court. If we should sustain the motion filed by claimant, it would not be of any advantage to him because he does not present a cause of action against the State.

The rule is universal that the State is never liable for the negligence of its agents and employees unless there is a statute making it so liable. The following are but a few of the many cases announcing the rule:

*United States* vs. *Kirkpatrick*, 9 Wheaton, 720; *Story on Agency*, 9 Ed. Sec. 319; *Belt* vs. *State*, 1 Ct. Cl. 266; *Johnson* vs. *State*, 2 Ct. Cl. 165; *Schroeder* vs. *State*, 3 Ct. Cl. 36; *Kinnare* vs. *City of Chicago*, 171 Ill. 332; *Derby* vs. *State*, 7 C. C. R. 145; *Chumbler* vs. *State*, 6 C. C. R. 138.

For the reason that the claimant does not present a cause of action, the court will, on its own motion, strike the complaint. Case dismissed.